GARY M. RESTAINO
United States Attorney
District of Arizona

GAYLE L. HELART
Assistant United States Attorney
California Bar License 151861
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: gayle.helart@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
RECEIVED ___ COPY

DEC 2 0 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>1. Jose Antonio Castro Claro, and<br>   (Counts 1–10)<br><br>2. Jorge Antonio Navarette Milan,<br>   (Counts 11–13)<br><br>Defendants. | No. CR-23-01813-PHX-GMS (JFM)<br><br>**INDICTMENT**<br><br>VIO: 18 U.S.C. §§ 922(a)(6) and 924(a)(2)<br>(Material False Statement During the Purchase of a Firearm)<br>Counts 1–9 and 11–13<br><br>18 U.S.C. § 554(a)<br>(Smuggling Goods from the United States)<br>Count 10<br><br>18 U.S.C. §§ 924(d) and 981;<br>21 U.S.C. §§ 853 and 881; and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegations) |

**THE GRAND JURY CHARGES**:

<u>**COUNTS 1 – 9**</u>

On or about the dates listed below, in the District of Arizona, Defendant JOSE ANTONIO CASTRO CLARO knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter

44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant JOSE ANTONIO CASTRO CLARO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual buyer or transferee of the firearm, and was not buying the firearm on behalf of another person, whereas in truth and fact, Defendant JOSE ANTONIO CASTRO CLARO knew that he was buying the firearm on behalf of another person:

| Count | Date | Business (FFL) |
|---|---|---|
| 1 | 10/18/2023 | Jones and Jones |
| 2 | 10/20/2023 | Jones and Jones |
| 3 | 10/25/2023 | Jones and Jones |
| 4 | 10/30/2023 | Hiram's Guns |
| 5 | 11/2/2023 | Sprague's Sports |
| 6 | 11/11/2023 | Jones and Jones |
| 7 | 11/18/2023 | Sprague's Sports |
| 8 | 11/20/2023 | Sprague's Sports |
| 9 | 11/24/2023 | Jones and Jones |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

**COUNT 10**

On or about November 24, 2023, in the District of Arizona, and elsewhere, Defendant JOSE ANTONIO CASTRO CLARO knowingly and fraudulently exported and sent from the United States, and attempted to export and send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, that are:

(1) a Glock G19x 9 mm. pistol, Serial Number CBGB257; and,

(2) a Glock G19x 9 mm. pistol, Serial Number CBGB255,

knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 50, United States Code, Section 4819; and Title 15, Code of Federal Regulations, Parts 736.2, 738, and 774.

In violation of Title 18, United States Code, Section 554(a).

**COUNTS 11-13**

On or about the dates listed below, in the District of Arizona, Defendant JORGE ANTONIO NAVARETTE-MILAN knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant JORGE ANTONIO NAVARETTE-MILAN did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual buyer or transferee of the firearm, and was not buying the firearm on behalf of another person, whereas in truth and fact, Defendant JORGE ANTONIO NAVARETTE-MILAN knew that he was buying the firearm on behalf of another person:

| Count | Date | Business (FFL) |
|---|---|---|
| 11 | 11/18/2023 | Jones and Jones |
| 12 | 11/23/2023 | Jones and Jones |
| 13 | 11/24/2023 | Jones and Jones |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### FORFEITURE ALLEGATIONS

The Grand Jury realleges and incorporates the allegations of Counts 1 through 13 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offense(s) alleged in Counts 1 through 13 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants are liable, including:

(1)   a Glock G19x 9 mm. pistol, Serial Number CBGB257; and,

(2)   a Glock G19x 9 mm. pistol, Serial Number CBGB255,

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said

defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*s/*
FOREPERSON OF THE GRAND JURY
Date: December 20, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/*
GAYLE L. HELART
Assistant U.S. Attorney